RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/2/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00328 |
|---|---|
| -vs- | JUDGE DRELL |
| DANIEL L. WEBB | MAGISTRATE JUDGE KIRK |

## RULING

Before this court is an appeal from a sentence issued by the Magistrate Judge after Appellant, Daniel L. Webb, pled guilty to a violation of the Migratory Bird Treaty Act (MBTA), 16 U.S.C. § 703, specifically under 50 C.F.R. § 20.21(I). (Doc. 22). We have considered the briefs filed by Appellant and the Government (Doc. 27), and find the appeal to be without merit. Accordingly, we will AFFIRM the sentence imposed by the Magistrate Judge.

I. **Background**

Mr. Webb appeals his sentence of unsupervised probation for three years with the condition that he not hunt during the three years. Specifically, Mr. Webb received this sentence as the result of two dove hunts in which birds were baited with top-sown wheat. Because of his conduct in top-sowing the soil for these hunts, Mr. Webb was charged with aiding and abetting the taking of migratory game birds by aid of bait on or over a baited area in violation of 50 C.F.R. § 20.21(I) and 18 U.S.C. § 2. The two hunts took place in 2012 and 2013. In 2012, over 100 birds were killed, and in 2013,

approximately 52 birds were killed. Mr. Webb was found guilty of the 2012 aiding and abetting violation after a trial, and he subsequently pled guilty to the 2013 violation.

Mr. Webb appeals his sentence of probation, particularly the condition that he may not hunt or be "at any camp or hunting site anywhere in the world at any time during any season open to hunting of any kind" during the time he is on probation. He alleges that the sentence is "plainly unreasonable," an abuse of the Magistrate Judge's discretion, and should be overturned.

II.     **Law and Analysis**

We review such decisions by a Magistrate Judge for abuse of discretion, just as a circuit court of appeals does for appeals from the district court. See Fed. R. Crim. P. 58(g)(2)(D) ("The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."); United States v. Reinhart, 442 F.3d 857, 862 (5th Cir. 2006) (recognizing the applicability of the abuse of discretion standard of review to sentencing). Conditions of probation are reviewed, likewise, for abuse of discretion in cases where there was a timely objection at trial; otherwise, the review is for plain error. United States v. Warden, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

The MBTA provides for a fine of "not more than $15,000" or a term of imprisonment of "not more than six months, or both," for violations under the Act. A sentence of three years probation with a prohibition on hunting is well below the statutory maximum penalty. The prohibition on hunting is a discretionary provision and thus must be reasonably related to "the nature and circumstances of the offense and the history and

characteristics of the defendant" and to "the need for the sentence imposed" to reflect the seriousness of the offense, deter future criminal conduct, protect the public from future crimes of the defendant, and provide correctional treatment effectively. 18 U.S.C. § 3553(a)(1) - (2).

Under either standard applicable to probated sentences and conditions, we would affirm the ones imposed in this case. Mr. Webb argues that prohibiting him from all forms of hunting is unnecessarily restrictive, and he notes that he is essentially barred from using the hunting camp he owns for any reason because there are multiple hunting seasons. Moreover, he points out that he will be deprived of the opportunity to hunt with his minor daughter and to "provide her with in the field instruction on safe firearms handling and hunting technique." (Doc. 26). This all may be true. However, considering that Mr. Webb first committed the offense in 2012, was warned of its illegality at that time, and nevertheless committed it again in 2013, we find the level of egregiousness is high enough that we cannot say the sentence was incorrect. The sentence imposed reflects the seriousness of Mr. Webb's repeated violations of the law. Perhaps he will now understand that they are serious.

## III. **CONCLUSION**

For the foregoing reasons, we AFFIRM the sentence of the Magistrate Judge; the appeal is DENIED and DISMISSED.

SIGNED on this ____ day of December, 2014 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT